UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DORIAN K. HOLLIDAY,

Plaintiff,

-against-

LEGAL AID SOCIETY OF WHITE PLAINS; JOHN DOE ATTORNEY; PATTY, ATTORNEY,

Defendants.

26-CV-5570 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Plaintiff, appearing *pro se,* is currently detained at Westchester County Jail ("WCJ"). Plaintiff brings this action against the Legal Aid Society of White Plains and two of its attorneys, asserting claims for alleged violations of his constitutional right to due process. Plaintiff seeks damages, release from detention, and dismissal of his criminal proceedings. By Order dated August 21, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] (ECF No. 5).

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits –- to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

## BACKGROUND

The following facts are drawn from the complaint.[2] Plaintiff alleges that on April 27, 2026, an attorney from the Legal Aid Society ("LAS") was appointed to represent him. Plaintiff states that he had an "M.T.A. case," in which he was released on his own recognizance and then was immediately "rebooked right there, brought back into the courtroom and sen[t] to the County Jail." (ECF 1 at 4.) Plaintiff was "supposed to be going for a 180.80," and an attorney from the LAS visited him at the WCJ.[3] Plaintiff states that the attorney gave "no indication that they send an email that the felony hearing was cancel due to what they consider [his] best in[est]." (*Id.*)

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

[3] Plaintiff appears to refer to N.Y. Crim. Proc. Law § 180.80, which generally requires the court to release a jailed defendant on their own recognizance if the prosecution fails to indict, dispose of the felony complaint, or commence a preliminary hearing within a certain period from the time of arrest, unless an exception applies.

The attorney, without discussing it with Plaintiff, "claimed that [Plaintiff's] court date on 5/5/26 was something" (*id.* at 4), although Plaintiff states that, for reasons unknown to him, he was not produced to court on that date.

At a hearing on May 6, 2026, Plaintiff's attorney "approached the bench claiming lies that did not happen in visiting room on 5/4/26 in County Correction." (*Id.*)

Plaintiff's "next attorney . . . claimed on a video visit that Legal Aid never requested a felony hearing which on 4-27-26 . . . was granted to happen 5-5-26." (*Id.*) Plaintiff asserts that these actions by his appointed counsel caused a violation of his rights under the Due Process Clause.

Plaintiff seeks 5 million dollars, release from detention, and to have his "cases dismissed without prejudice." (*Id.* at 5.) He sues the LAS and two unidentified attorneys.

## DISCUSSION

### A. Due Process Claims Against LAS and Attorneys

Plaintiff asserts claims against LAS and its attorney for alleged violations of his constitutional right to due process in his criminal proceedings. The Court therefore construes the complaint as bringing claims under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988).

A Section 1983 claim must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore generally not liable under Section 1983. *Sykes v. Bank of America*, 723 F.3d 399,

406 (2d Cir. 2013) (per curiam) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

An attorney's legal representation of an individual generally does not constitute state action for the purpose of a claim under Section 1983. *See Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981) (holding that public defenders do not act "under color of state law" and therefore are not subject to suit under 42 U.S.C. § 1983); *see also Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) ("[A]ttorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983."); *Frierson-Harris v. Hough*, No. 05-CV-3077 (DLC), 2006 WL 298658, at *5 (S.D.N.Y. Feb. 7, 2006) ("That a lawyer is an officer of the court does not render him a state actor for purposes of § 1983."). Similarly, a legal aid organization providing legal representation through its attorneys ordinarily is not a state actor for purposes of Section 1983. *See Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000).

Because Defendants were not functioning as state actors in representing Plaintiff in criminal proceedings, Plaintiff cannot state claims against them under Section 1983 for violating his constitutional rights. Plaintiff's Section 1983 claims against Defendants for alleged violations of his due process rights must therefore be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii)

**B. Claims Seeking Release and Challenging Criminal Proceedings**

In addition to his civil rights claims for damages, Plaintiff seeks release from detention and challenges his criminal proceedings. It appears from public records that Plaintiff's criminal charges in Westchester County Court, #IND-71211-26/001, are ongoing, and no judgment of conviction has entered.

A pretrial detainee must exhaust state court remedies before seeking a remedy in federal court. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [Section 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism.").

Plaintiff's complaint gives no indication that he has exhausted his state court remedies by raising his due process claims through one complete round of state court review . *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999) (explaining that a petitioner satisfies the exhaustion requirement for a federal *habeas corpus* petition by presenting his claims through one complete round of the state's established appellate review process). Because Plaintiff's claims have not been fully reviewed in the state court, it is premature to seek a remedy in federal court. Accordingly, the Court dismisses Plaintiff's challenge to his ongoing criminal proceedings. Such dismissal is without prejudice to Plaintiff's repleading his claims in a petition for a writ of *habeas corpus* under Section 2241 after full exhaustion of state court remedies.

**C. State Law Claims**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by

enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D. Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Because Plaintiff cannot cure the defects in his complaint with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's federal claims are dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the Court declines to exercise supplemental jurisdiction over his state law claims, 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated: October 7, 2026
New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge